**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

YU-WEN CHIU, ET AL.                                    CIVIL ACTION

VERSUS                                                 NO. 18-6308

CHARLES EDWARD LINCOLN, III, ET AL.                    SECTION "B"(1)

<u>ORDER AND REASONS</u>

Before the Court is a motion to remand filed by Plaintiffs Yu-Wen Chiu and Chih-Yang Hu. Rec. Doc. 3. Defendant Charles Edward Lincoln, III has not filed an opposition.[1] For the reasons discussed below,

**IT IS ORDERED** that Plaintiffs' motion to remand (Rec. Doc. 3) is **GRANTED** and the above-captioned matter is **REMANDED** to the First City Court of the City of New Orleans.

**IT IS FURTHER ORDERED** that Third-Party Defendant Kurt Traub's motion to dismiss (Rec. Doc. 7) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's motion to consolidate (Rec. Doc. 11) is **DISMISSED AS MOOT.**

---

[1] Defendant sought additional time to file an opposition. *See* Rec. Doc. 9. Defendant's motion was denied. *See* Rec. Doc. 10. Defendant then filed a motion to consolidate the above-captioned matter with two other cases pending in this Court. *See* Rec. Doc. 11 (referring to *Cerigny, et al. v. Cappadora, et al.*, No. 17-11111 (E.D. La. Oct. 24, 2017), and *Lincoln v. Chenevert, et al.*, No. 18-869 (E.D. La. Jan. 29, 2018)). Defendant's motion to consolidate contains passing references to the instant motion to remand. *See id.* at 6, 9, 16-17. Insofar as these references explain Defendant's rationale for removing the above-captioned matter, they will be considered by the Court.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is the second time that this case has been removed from state court. The facts and procedural history are thoroughly discussed in the Order and Reasons issued when the case was first remanded. *See Chiu v. Lincoln (Chiu I)*, No. 17-12275, Rec. Doc. 28 (E.D. La. May 29, 2018). To summarize, Plaintiffs Yu-Wen Chiu and Chih-Yang Hu filed suit to evict Defendant Charles Edward Lincoln, III from a property in New Orleans in November 2017. *See Chiu I*, No. 17-12275, Rec. Doc. 1-1. That same month, Defendant removed the case on the basis of its relationship to a pending bankruptcy matter. *See Chiu I*, No. 17-12275, Rec. Doc. 1. In May 2018, the Court remanded the case because it was not sufficiently related to the bankruptcy proceeding to support removal. *See Chiu I*, No. 17-12275, Rec. Doc. 28.

In June 2018, Defendant again removed the case, this time pursuant to the civil rights removal statute, 28 U.S.C. § 1443. *See* Rec. Doc. 1. Defendant argues that Louisiana's eviction procedures violate his civil rights, as guaranteed by various federal civil rights statutes, namely 42 U.S.C. §§ 1981, 1982, and 12131. *See id.* at 2-3; *see also id.* at 9. Plaintiffs filed a motion to remand, arguing that Defendant's second attempt to remove the case represented an impermissible attempt to seek review of the Court's first remand order, and failed to meet the requirements of civil rights removal. *See* Rec. Doc. 3.

**LAW AND ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.; see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.").

A defendant must act promptly to exercise his right to remove. If a case filed in state court is removable, a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347-48 (1999). "[I]f the case stated by the initial pleading is not removable," a defendant's time to remove begins upon "receipt . . . , through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In either case, once the clock begins, a defendant has thirty days to remove. *See id.* § 1446(b)(1), (b)(3). A defendant "los[es] the right to remove the case upon the expiration of that thirty-day period."[2] *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

This thirty-day period continues to run even after a defendant files a notice of removal. *See Energy Catering Servs., Inc. v. Burrow*, 911 F. Supp. 221, 222-23 (E.D. La. 1995) (denying motion to amend notice of removal because amendment would have added new basis for jurisdiction "beyond the thirty day limit for removal of cases"); *Cormier v. Chef Morrison Contractors, LLC*, 85 F. Supp. 3d 880, 884 (S.D. Tex. 2015) (same); *see also* 14C Wright & Miller, Federal Practice & Procedure § 3733 (4th ed. 2018) (After "the expiration of the 30-day period for removal," "defendants may amend the notice [of removal] only to set out more specifically the

---

[2] "[T]he time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (per curiam). There is no indication that Plaintiffs waive the thirty-day time limitation for removal.

grounds for removal that already have been stated in the original notice.").

As discussed above, this case began as a suit for eviction in the First City Court of the City of New Orleans in November 2017. *See Chiu v. Lincoln (Chiu I)*, No. 17-12275, Rec. Doc. 1-1 at 2 (E.D. La. Nov. 13, 2017). Defendant removed the case and maintained that this Court had subject matter jurisdiction because the eviction proceeding was related to a matter pending before the United States Bankruptcy Court for the Eastern District of Louisiana.[3] *See Chiu I*, No. 17-12275, Rec. Doc. 1 at 3. Defendant never filed an opposition to Plaintiffs' first motion to remand, *see Chiu I*, No. 17-12275, Rec. Doc. 9, but did file various other motions. Defendant addressed the jurisdictional basis for removal in some of these motions and argued that it depended on the connection between the eviction proceeding and his bankruptcy matter.[4] In a prior Order and Reasons issued on May 29, 2018, the

---

[3] "This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452 because the lease . . . was part of a grand bankruptcy and general financial rehabilitation program for me as, the undersigned Defendant and Debtor . . . ." *Chiu I*, No. 17-12275, Rec. Doc. 1 at 3.

[4] *See, e.g.*, *Chiu I*, No. 17-12275, Rec. Doc. 10 at 3 ("I never alleged any federal question other than relation to bankruptcy and the provisions of 28 U.S.C. § 2283 . . . ."); *Chiu I*, No. 17-12275, Rec. Doc. 12 at 4 ("As the Court is well-aware, I removed on grounds of relationship to Bankruptcy under 28 U.S.C. §§ 1334 and 1452 . . . .").

Court granted Plaintiffs' first motion to remand.[5] *See Chiu I*, No. 17-12275, Rec. Doc. 28 (E.D. La. May 29, 2018).

On June 28, 2018, Defendant removed the underlying eviction proceeding for the second time. *See* Rec. Doc. 1. This time, Defendant seeks to proceed in federal court under the civil rights removal statute, 28 U.S.C. § 1443.[6] *See id.* at 1. Defendant argues that the First City Court of the City of New Orleans and the Louisiana Rule for Possession of Premises, *see* La. Code Civ. Proc. art. 4731, violate Defendant's rights guaranteed by 42 U.S.C. §§ 1981, 1982, and 12131. *See id.* at 2-3; *see also id.* at 9. Defendant's second notice of removal is defective and remand is again necessary.

## I. Timeliness

Defendant's second attempt to remove is untimely because it was filed more than thirty days after Plaintiffs initiated the eviction proceeding in the First City Court of the City of New

_____

[5] Defendant recently provided notice that he has filed for Chapter 11 bankruptcy in United States Bankruptcy Court for the District of New Jersey. *See* Rec. Doc. 13. Defendant's recently-filed bankruptcy does not affect the analysis of Plaintiffs' motion to remand because Defendant currently seeks removal based the civil rights removal statute, 28 U.S.C. § 1443, not the purported relationship between the underlying eviction proceeding and his bankruptcy case.

[6] In his second notice of removal, Defendant again acknowledges that the first removal was "pursuant exclusively to Federal Bankruptcy Code (Title 11) and [r]emoval provisions of 28 U.S.C. §§ 1334 and 1452 . . . . ." Rec. Doc. 1 at 3.

Orleans.[7] *See* 28 U.S.C. § 1446(b)(1); *Johnson*, 227 F.3d at 241. As Defendant alludes to in his notice of removal, *see* Rec. Doc. 1 at 7-8, a new thirty day clock begins when a defendant learns that a previously unremovable case has become removable. *See* 28 U.S.C. § 1446(b)(3). But Defendant does not explain what, if anything, has changed about the underlying eviction proceeding since it was initially filed in November 2017. The record similarly contains no such explanation.

In the second notice of removal, Defendant argues that civil rights removal is appropriate because the "statutory scheme" of the First City Court of the City of New Orleans, as well as "all customs, practices, and policies implementing the same," violate his civil rights. *See* Rec. Doc. 1 at 1-2. But these infirmities, which do not appear specific to Plaintiffs' eviction proceeding against Defendant, would have been apparent to Defendant when he first attempted removal in November 2017. Moreover, even if these concerns were not immediately apparent in November 2017, Defendant offers no explanation of when or how the eviction proceeding changed to prompt Defendant's civil rights concerns. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not

---

[7] Plaintiffs sued for eviction in November 2017. *See Chiu I*, No. 17-12275, Rec. Doc. 1-1 at 2 (E.D. La. Nov. 13, 2017). Defendant filed the current notice of removal in June 2018. *See* Rec. Doc. 1. Well over thirty days elapsed between Defendant learning of the eviction proceeding and Defendant filing the second notice of removal.

removable, a notice of removal may be filed within 30 days *after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable. (emphasis added)). Defendant has not carried his burden of demonstrating that removal is timely, therefore remand is necessary. *See* 28 U.S.C. §§ 1446(b), 1447(c); *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283-85 (5th Cir. 2004).

## II. Civil Rights Removal

Even if Defendant's second attempt to remove was timely, Defendant has not met the requirements for civil rights removal. *See* 28 U.S.C. § 1443. The civil rights removal statute states that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*Id.* Section 1443(2) is not applicable here because it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing

duties under any federal law providing for equal civil rights."
*City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Defendant
is neither a federal officer, nor is he authorized to act for one.

Removal is similarly inappropriate under § 1443(1). "[A]
removal petition under 28 U.S.C. [§] 1443(1) must satisfy a two-
pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).
"First, it must appear that the right allegedly denied the removal
petitioner arises under a federal law 'providing for specific civil
rights stated in terms of racial equality.'" *Id.* (quoting *Georgia
v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear, in
accordance with the provisions of [§] 1443(1), that the removal
petitioner is denied or cannot enforce the specified federal rights
in the courts of the State." *Id.* (internal quotation marks and
alteration omitted). "This provision normally requires that the
'denial be manifest in a formal expression of state law,' such as
a state legislative or constitutional provision, 'rather than a
denial first made manifest in the trial of the case.'" *Id.* (quoting
*Rachel*, 384 U.S. at 799, 803). "'[T]he vindication of the
defendant's federal rights is left to the state courts except in
the rare situations where it can be clearly predicted by reason of
the operation of a pervasive and explicit state or federal law
that those rights will inevitably be denied by the very act of
bringing the defendant to trial in the state court.'" *Id.* (quoting
*Peacock*, 384 U.S. at 828).

As discussed previously, Defendant argues that the First City Court of the City of New Orleans and the Louisiana Rule for Possession of Premises, *see* La. Code Civ. Proc. art. 4731, violate Defendant's rights guaranteed by 42 U.S.C. §§ 1981, 1982, and 12131. *See id.* at 2-3; *see also id.* at 9. Sections 1981 and 1982 satisfy the first prong of the test for civil rights removal. *See Peacock*, 384 U.S. at 825; *Sunflower Cty. Colored Baptist Ass'n v. Trs. Of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796-97 (5th Cir. 1966); *Louisiana v. London*, 335 F. Supp. 585, 588 (E.D. La. 1971). Section 12131, which is part of the Americans with Disabilities Act (ADA) does not "provid[e] for specific civil rights stated in terms of racial equality." *See Rachel*, 384 U.S. at 792. The "guarantees" of the ADA "are phrased in terms of" equality between those with and without disabilities. *See* 42 U.S.C. § 12132. Therefore, section 12131 does not satisfy the first prong of the test for civil rights removal. *See Rachel*, 384 U.S. at 792.

Though sections 1981 and 1982 can support civil rights removal, they do not in this case because Defendant has not shown an inability to "enforce the specified federal rights in" the First City Court for the City of New Orleans. *See Johnson*, 421 U.S. at 219. Defendant makes various allegations about the legality and constitutionality of eviction proceedings in the First City Court for the City of New Orleans, none of which support civil rights

removal.[8] Defendant does not allege that the text of the statutes governing eviction in Louisiana draws racial distinctions, as would satisfy the requirements of § 1443(1). *See Rachel*, 384 U.S. at 800 ("A state statute authorizing the denial" of rights of equality "affords an ample basis for . . . a prediction" that the removing defendant would forfeit his rights in state court.). Instead, Defendant argues that

> [e]ffectively everyone (regardless of "race") named a [d]efendant in the First City Court of the City of New Orleans becomes[,] by the fact of being hailed into that [c]ourt[,] automatically classified as a 'non-white'[] person with inferior rights to due process and equal access to the laws, because the [c]ourt is designed by law and statutory scheme to curtail rights to make and enforce contract for the possession of property (in violation of 42 U.S.C. § 1982[)].

---

[8] *See Peacock*, 384 U.S. at 827-28 ("It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be denied or cannot enforce in the courts of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." (internal quotation marks omitted)); *Rachel*, 384 U.S. at 800 ("[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.").

Rec. Doc. 1 at 2. This argument reveals that Defendant's true concern is a denial of due process rights, independent of any racial discrimination.[9] But "broad contentions under . . . the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under [§] 1443, because the guarantees of th[at] clause[] are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that [§] 1443 demands." *Rachel*, 384 U.S. at 792. Because the Court cannot "clearly predict" that Louisiana's eviction proceedings will deny Defendant the rights of racial equality guaranteed by §§ 1981 and 1982, there is no basis for civil rights removal per § 1443(1).[10] *See Peacock*, 384 U.S. at

---

[9] *See also* Rec. Doc. 1 at 9 ("In First City Court Rule for Possession of Premises cases, today, the state court's purpose is corrupt enforcement of corrupt private interests in subversion of the express statement of state laws (relating to the enforcement of terms of partnership and guarantee defining and identifying lawful parties to and liability for residential lease contracts)."; *id.* ("Denial of due process, preclusion of actual notice and meaningful opportunity, seems to be a tradition in Orleans Parish, but the First City Court is expressly designed to afford even less in the way of due process protection than the Civil District Courts, in direct violation of both 42 U.S.C. §§ 1981 and 1982."); *id.* at 10 ("[T]he procedural and substantive safeguards afforded by the First City Court of the City of New Orleans to the due process and equal protection rights of residential tenants . . . are so thin, so customarily, practically, and politically disregarded, that indeed I have the right to remove this case under 28 U.S.C. § 1443.").

[10] Perhaps anticipating this outcome, Defendant dedicates a portion of his notice of removal to the argument that the Court should expand civil rights removal under § 1443 beyond federal statutes that guarantee racial equality. *See* Rec. Doc. 1 at 11-14. The Supreme Court has already rejected such an argument, *see, e.g.,*

12

826-35. Because Defendant has not met his burden of establishing eligibility for removal, Defendant's case must be remanded.

"[N]o evidentiary hearing is required if the section 1443 grounds purportedly justifying removal are patently invalid from the face of the removal petition." *News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 218 (5th Cir. 1987); *see also Smith v. Winter*, 717 F.2d 191, 199 (5th Cir. 1983) (same); *Varney v. Georgia*, 446 F.2d 1368 (5th Cir. 1971). Defendant's second notice of removal is patently invalid because it is untimely and plainly fails to satisfy the requirements for civil rights removal. Therefore, Defendant is not entitled to an evidentiary hearing.

Because removal is improper, Third-Party Defendant Kurt Traub's motion to dismiss (Rec. Doc. 7) and Defendant's motion to consolidate (Rec. Doc. 11) are moot.

New Orleans, Louisiana, this 31st day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

*Rachel*, 384 U.S. at 792, and Defendant offers no persuasive reason to depart from the settled rule.